# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| KATHY J. BECKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action |
| vs. ) | No. 08-0408-CV-W-JCE-SSA |
| ) | |
| ) | |
| MICHAEL J. ASTRUE, Commissioner ) | |
| of Social Security, ) | |
| ) | |
| Defendant. ) | |

## **O R D E R**

This case involves the appeal of the final decision of the Secretary denying plaintiff's application for disability benefits under Title II of the Social Security Act, 42 U.S.C. § 401, et seq and her application for supplemental security income benefits under Title XVI of the Act, 42 U.S.C. § 1381, et seq. Pursuant to 42 U.S.C. § 405(g), this Court may review the final decision of the Secretary. Pending before the Court at this time are plaintiff's brief and defendant's reply brief in support of the administrative decision.

### Standard of Review

Judicial review of a disability determination is limited to whether there is substantial evidence in the record as a whole to support the Secretary's decision. 42 U.S.C. § 405(g); e.g., Rappoport v. Sullivan, 942 F.2d 1320, 1322 (8th Cir. 1991). Substantial evidence is "'such evidence as a reasonable mind might accept as adequate to support a conclusion.'" Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. V. NLRB, 305 U.S. 197,

229 (1938)). Thus, if it is possible to draw two inconsistent positions from the evidence and one position represents the Agency's findings, the Court must affirm the decision if it is supported on the record as a whole. Robinson v. Sullivan, 956 F.2d 836, 838 (8th Cir. 1992).

In hearings arising out of an application for benefits, the claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. §§ 423(d)(1) and 1382c(a)(3)(A). Wiseman v. Sullivan, 905 F.2d 1153, 1156 (8th Cir. 1990). In order to meet this burden, the claimant must show a medically determinable physical or mental impairment that will last for at least twelve months, an inability to engage in substantial gainful activity, and that this inability results from the impairment. Id. Once a claimant demonstrates that the impairment is so severe as to preclude the performance of past relevant work, the burden shifts to the Secretary to prove some alternative form of substantial gainful employment that claimant could perform.

The standard by which the ALJ must examine the plaintiff's subjective complaints of pain is well settled. The ALJ must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as the claimant's daily activities, the duration and frequency of pain, precipitating and aggravating factors, dosage and effects of medication, and functional restrictions. Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). When rejecting a claimant's subjective complaints, the ALJ must make an express credibility determination detailing the reasons for discrediting that testimony, and discussing the factors set forth in Polaski. The ALJ must give full consideration to all of the relevant evidence on the Polaski factors and may not discredit subjective complaints unless they

are inconsistent with the evidence in the record as a whole. Haynes v. Shalala, 26 F.3d 812, 814 (8th Cir. 1994).

## Discussion

Plaintiff filed her application for disability insurance benefits and supplemental security income benefits on December 8, 2004. On February 8, 2007, a hearing was held before the Administrative Law Judge . On March 9, 2007, the ALJ entered a decision finding that plaintiff was not entitled to the period of disability. Subsequently, on June 19, 2007, plaintiff filed a second application for disability benefits, which was granted by the Social Security Administration on September 4, 2007.

Plaintiff, who was 51 years old at the time of the hearing before the ALJ, has a high school education and completed one year of college. Her employment consists primarily of working as a cashier. Beginning in December 2004, she became a part-time cashier.

It was plaintiff's testimony at the hearing before the ALJ that she was 5' 6 ½" tall and weighed 348 pounds. She was forced to reduce her employment to part time in 2004. This decision was necessitated by constant pain, fatigue and the need for bed rest. She sought medical assistance from Christine L. Moore, D.O., who diagnosed defendant with Fibromyalgia; incontinence of the bladder and bowel; hypertension; sleep apnea, and hyperlipidemia. Plaintiff further testified that, as a result of her ongoing medical problems, she suffers from depression, for which she has been prescribed antidepressants. She has also been prescribed Naproxin for inflamation. Doctor Moore also prescribed Bentyl for irritable bowel syndrome and Flexeril for Fibromyalgia pain. Because problems persisted, Zelnorm was added for the irritable bowel. She has utilized C-PAP therapy for sleep apnea. She testified that she cannot sleep without it, but

3

that she has seen little improvement since it was first prescribed in 1992. She is forced to lay flat on her back. She wakes up periodically and has constant stomach problems because she swallows excess amounts of air. Her fatigue factor causes her to nap on a daily basis for at least two to four hours. If she works for a two-hour period, she becomes stiff, can't bend, and can't use her knees. In her part-time employment, she is not required to lift more than a two-liter bottle of coke. With regard to household chores, her abilities are extremely limited and she has a roommate who assists her in such tasks as peeling potatoes.

The ALJ found that plaintiff has not engaged in substantial gainful activity since the onset of the original disabilities, although she has worked part time as a cashier. Although defendant's obesity and fibromyalgia were determined to be severe, the ALJ found that the defendant's impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4. He found that she could perform work with a light exertional level, and that she was able to perform her past relevant work as a cashier, as well as a significant range of light work. He concluded that she was not under a disability, as defined by the Social Security Act.

Plaintiff asserts that the ALJ erred in discounting plaintiff's credibility and by failing to properly consider the severity of her obesity in combination with her other impairments. In reaching his decision, the ALJ failed to give proper weight to plaintiff's treating physician.

Having fully reviewed the record, the Court finds that there is not substantial evidence in the record as a whole to support the decision of the ALJ. The ALJ did not give adequate weight to plaintiff's treating physician, Dr. Moore. Substantial weight should be given to the treating physician's opinion, unless it is unsupported by the evidence or merely conclusory. *Grebenick*

4

*v. Chater*, 121 F.3d 1193, 1199 (8th Cir. 1997); *Thompson v. Bowen*, 850 F.2d 346, 349 (8th Cir. 1988).   In this case, the medical diagnosis and the course of treatment from that diagnosis, support the conclusions of the treating physician.  The treating physician's opinions support the credibility of the testimony of plaintiff.  When the record is considered, in light of those two factors, it must be concluded that there is not substantial evidence in the record as a whole  to support the ALJ's decision.

For the foregoing reasons, the Court is convinced that there is not substantial evidence in the record as a whole to support the ALJ's decision, and that plaintiff has met her burden of establishing that she suffers from a combination of impairments that render her disabled. Accordingly, the decision of the Secretary should be reversed.

It is hereby

ORDERED that plaintiff's motion for judgment on the pleadings be, and it is hereby, granted.  It is further

ORDERED that, pursuant to 42 U.S.C. § 405(g), this matter be remanded to the Commissioner for the calculation and award of benefits.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　/s/ James C. England    
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　JAMES C. ENGLAND  
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

Date:  February 8, 2010